ELLIS, Judge:
This is a suit for damages for personal injuries. Plaintiffs are Derry Lynn Bear-den, individually and as natural tutrix of her minor son, Ricky Bearden, and Polly Christian, Mrs. Bearden's mother. Defendants are Joseph Rucker, Cavalier Insurance Company, his insurer, and Gulf Insurance Company, which is alleged to be the uninsured motorist insurer of plaintiffs.
Gulf filed a motion for summary judgment, alleging that it afforded no coverage to plaintiffs. After a hearing, judgment was rendered dismissing the suit as to plaintiffs and they have appealed.
From documents filed in support of the motion, we learn that Mrs. Bearden separated from her husband in January, 1976, and moved into an apartment at 655 Sharp Road, Baton Rouge. Judgment of separation from bed and board was signed on June 9, 1976, in which Mrs. Bearden was awarded custody of Ricky. Since January, 1976, Mrs. Bearden, Ricky and Mrs. Christian have resided together at the Sharp Road address. Mr. Bearden has lived at 9285 West Darryl Parkway, Baton Rouge.
The policy in question was issued on April 27, 1976, and was in effect at the time of the accident. Three automobiles are covered by the policy, including a 1969 Chevrolet Impala, which, according to her counter affidavit, is Mrs. Bearden’s personal car. The record is silent as to whether there has been a community settlement between the parties, or any formal transfer of title to any of the insured vehicles following the separation. Mrs. Bearden alleges in her affidavit that it was intended that she be covered by the policy.
Gulf claims that there is no uninsured motorist coverage under the policy because Mrs. Bearden is not a named insured, and is not a resident of the same household as Mr. Bearden. However, even if this contention is correct, it is not dispositive of the case.
If it is true that Mrs. Bearden is the owner-operator of the 1969 Impala, and that it was intended that coverage be afforded her by the policy, the policy can be reformed to conform to the original intention of the parties. Herbert v. Breaux, 285 So.2d 829 (La.App. 1st Cir. 1973); Perry v. Law, 334 So.2d 523 (La.App. 1st Cir. 1976).
Summary judgment should not be granted unless it clearly appears that the mover is entitled to it as a matter of fact and law. There are facts alleged, over and above those relied on by defendant, which, *518 if true, could defeat defendant’s policy defense. There is, therefore, a dispute as to material facts, and summary judgment is not appropriate. Articles 966, 967, Code of Civil Procedure.
The judgment appealed from is therefore reversed, and the case remanded to the trial court for trial on its merits. All costs of this appeal shall be paid by Gulf Insurance Company. All other costs shall await final disposition of the case on its merits.
REVERSED AND REMANDED.