LEAR, Judge.
Plaintiffs, Derry Lynn Bearden, her minor son, Ricky Bearden, and Polly Christian, were passengers in an automobile owned by Exxon and being driven by David Peters, an Exxon employee. Plaintiffs were injured when defendant Joseph Rucker (Rucker) failed to stop at a stop sign and flashing red light and struck the vehicle in which plaintiffs were riding. Also named as defendants were David Peters (Peters), Cavalier Insurance Company (Cavalier), which insured Rucker, Firemen’s Fund Insurance Company (Firemen’s), which insured Exxon and was also Peters’ personal insurer, and Gulf Insurance Company (Gulf), as the uninsured motorist carrier on a policy of insurance issued to Lloyd Bear-den, husband of Derry Lynn Bearden. After a trial on the merits, the trial court found that Rucker’s negligence caused the accident and that Peters was not negligent nor a cause of the accident. The trial court further found that Peters was not acting within the course and scope of his employment with Exxon on the day of the accident. Judgment was rendered against Rucker, Cavalier, and Firemen’s Fund, under the uninsured motorist portion of their policy, the automobile being driven by Peters being covered as a non-owned automobile. The trial court further found that plaintiffs were not covered under the uninsured motorist provisions contained in the Gulf policy issued to Lloyd Bearden. Damages were awarded to all three plaintiffs.
After judgment, a motion for a new trial was filed on behalf of defendant Rucker, alleging his inability to pay. The trial court granted defendant’s motion and modified its prior judgment by reducing the amount of damages awarded to each plaintiff. From this modified judgment, plaintiffs have appealed.
In an answer to plaintiffs’ appeal, defendants Rucker and Cavalier seek a credit of $380.00, which they allege has been paid to another passenger, thus reducing Cavalier’s ten thousand dollar limit. Defendant Rucker, based on his impecunious position, also seeks reversal of that portion of the judgment, in the amount of $5,000.00, which exceeds his liability insurance policy limits.
The first issue on appeal concerns the trial court’s failure to find Gulf liable under the uninsured motorist coverage for the injuries sustained by plaintiff Derry Lynn Bearden and her son.
Lloyd Bearden was the only named insured under the Gulf policy. The policy also provides coverage to a relative of the named insured who is a “resident of the same household” as the named insured. Thus, whether Mrs. Bearden and her son were residents of the same household as Lloyd Bearden is a factual issue to be determined by the trier of fact. Bearden v. Rucker, 356 So.2d 516 (La.App. 1st Cir. 1977).
At the time of this accident, Mrs. Bear-den was legally separated from Mr. Bear-den and she and her son were living in an apartment on Sharp Road, while Mr. Bear-den continued to live in the home previously occupied by him and Mrs. Bearden on West Darryl. Although Mrs. Bearden frequently visited her husband’s residence on West Darryl in order to see her other children, and sometimes ate meals with Mr. Bearden and the children, she never stayed overnight or lived in Mr. Bearden’s home after she moved out. The record does not indicate that Mr. and Mrs. Bearden discussed reconciliation. Mrs. Bearden testified that, if she had been asked at the time of the accident where she lived, she would have said the apartment on Sharp Road.
After reviewing this record, we find that the overwhelming weight of the evidence indicates that Mrs. Bearden was not a resident of the same household as Mr. Bearden.
The record also indicates that the custody of Ricky Bearden was awarded to Mrs. Bearden by the Family Court at the time of her judicial separation from Mr. Bearden. Thus, at the time of the accident, the minor child, Ricky Bearden, was a resident of his mother’s household rather than of his father’s. Ursin v. Oubre, 343 So.2d 1189 (La. *715 App. 4th Cir. 1977); Chapman v. Allstate Insurance Company, 306 So.2d 414 (La.App. 3rd Cir. 1975).
The trial court was correct in concluding that Mrs. Bearden and her minor child, Ricky Bearden, were not residents of Mr. Bearden’s household at the time of the accident and that no coverage was provided to them under the terms of Gulf’s insurance policy.
Plaintiffs next argue that the trial court erred in failing to find David Peters negligent and in failing to render judgment against Firemen’s Fund Insurance Company, as his personal insurer.
David Peters testified that he was driving well below the speed limit immediately prior to the accident. This testimony was corroborated by the other occupants of the car. He also stated that he normally drove cautiously and in fact slowed his vehicle as he approached the yellow caution light, at least by removing his foot from the accelerator. Some of Peters’ passengers stated that he did not slow down prior to observing defendant Rucker’s car as it passed into the intersection. However, other passengers stated they did not know. All agreed, however, that Peters slammed on his brakes and took evasive action when he first observed Rucker’s vehicle enter the intersection at a high rate of speed.
While we may have reached a different factual conclusion as to Peters’ negligence, after carefully reviewing this record, we do not find that the trial court’s conclusion that Peters was not negligent is manifestly erroneous. Thus, in conformity with the standard of appellate review announced in Arceneaux v. Domingue, 365 So.2d 1330 (La.1979), the judgment of the trial court, finding Peters free of negligence, will not be disturbed.
Plaintiffs next argue that the trial court erred in considering the insolvency of one defendant, where other defendants were solvent and had the ability to pay the judgment. However, we find that this is not the case. Judgment was rendered only against defendants Firemen’s and Cavalier, in addition to Mr. Rucker. The total amount of the judgment was $35,000.00. Firemen’s uninsured motorist coverage is in the total amount of $20,000.00 and Cavalier’s liability coverage in the total amount of $10,000.00. The sum total available from these two defendants is $30,000.00. Thus, we find no other solvent defendant and the trial court properly considered defendant Rucker’s inability to pay. Daly v. Kiel, 106 La. 170, 30 So. 254 (1901); Suhor v. Gusse, 388 So.2d 755 (La.1980). The question of defendant Rucker’s ability to pay the amount of the judgment awarded in excess of the insurance coverage is a question of fact and, like other factual issues, the trier of fact’s determination will not be disturbed in the absence of manifest error. Arceneaux v. Domingue, supra.
The record indicates that Mr. Rucker is employed as a janitor. His take home pay is $100.00, or less, and he owns no home, no car, has no checking account and has only $100.00 in savings. He owns no other property. The trial judge heard Mr. Rucker testify and considered the evidence of his ability to pay the judgment. After doing so, the trial court reduced the award from $71,763.35 to $35,000.00. Upon review of this record, we find that the trial court’s determination in this regard is not manifestly erroneous and will therefore not be disturbed. Arceneaux v. Domingue, supra.
With regard to Cavalier’s answer, we note that defendants Rucker and Cavalier and all three plaintiffs have filed a joint stipulation herein stating that the ten thousand dollar judgment rendered against Rucker and Cavalier, in solido, is incorrect in that $380.00 should be deducted from Cavalier’s policy limits as the amount previously paid by Cavalier to another passenger in the Peters automobile. Based on this stipulation, we find that $380.00 should be deducted from Cavalier Insurance Company’s policy limits.
Finally, for the reasons stated above with regard to the reduction of the original award, the judgment of the trial court rendered upon the motion for new trial, awarding judgment against Rucker individually, *716 in the amount of $5,000.00 in excess of the insurance coverage, will not be further reduced by us.
For the foregoing reasons, the judgment of the trial court is hereby amended to allow defendant Cavalier Insurance Company a credit against the judgment rendered against them in the amount of Three Hundred Eighty & 00/100 ($380.00) Dollars. The judgment of the trial court is hereby affirmed in all other respects. The relief sought by defendants Joseph Rucker and Cavalier Insurance Company in their answer to this appeal is hereby denied. Costs on appeal are to be paid by plaintiffs, Derry Lynn Bearden, Ricky Bearden and Polly Christian.
AMENDED, AND AS AMENDED, AFFIRMED.