11 GRISBAUM, Judge.
This appeal arises out of a partitioning judgment and a subsequent trial court judgment recalling a writ of fieri facias which the plaintiff filed against the defendant to execute her alleged money judgment arising out of the partitioning judgment. The judgment on appeal also awards defendant damages and attorney’s fees for wrongful seizure. We set aside and reverse.

ISSUE

We are called upon to determine simply whether the partitioning judgment rendered constitutes a money judgment.
The basic record facts are irrelevant however, the procedural history shows that on March 28, 1994, plaintiff filed a petition to make the October 30, 1992 partitioning judgment executory and sought to garnish defendant’s wages through |2a writ of fieri facias.[1] Thereafter, defendant filed a rule to recall the writ on April 11, 1994 on the basis the October 30, 1992 judgment was not a money judgment. The trial court then rendered a judgment on September 20, 1994 recalling the writ of fieri facias and awarding defendant attorney’s fees and damages. It is from this judgment plaintiff now appeals.

LAW

 A party seeking to execute a money judgment may obtain a writ of fieri facias which directs the seizure of the property of the judgment debtor, including the garaish-ing of his wages. La.C.C.P. arts. 2291, 2411. However, where there is a wrongful seizure of the judgment debtor’s property, the judgment debtor can seek injunctive relief and damages, including attorney’s fees. La. C.C.P. art. 2298.
A necessary prerequisite to a writ of fieri facias is a money judgment. A money judgment is defined as a judgment which orders the payment of a sum of money. Succession of Moody, 306 So.2d 869 (La.App. 1 Cir.1974), writ denied, 310 So.2d 639 (La. 1975).

ANALYSIS

The threshold question is whether the partitioning judgment of October 30, 1992 is a money judgment on which a writ of fieri facias may be issued. Both parties agree the judgment was rendered pursuant to and under the authority of La.R.S. 9:2801, which sets forth the procedure by which community property is to be partitioned at the end of the matrimonial regime. All parties agree that said |3statutory scheme allows the trial court to order the payment of cash to equalize the distribution. However, defendant contends that because the judgment is silent as to the terms and conditions of such payment, and such directives being required by the statute, it necessarily cannot constitute a money judgment. We disagree.
We see the judgment equalizes the assets, in accordance with the outline statutory scheme, by assigning monetary value owed the other party. In doing so, the judgment uses the phrases, “will pay”, “shall be reimbursed”, “subject to a reimbursement”, “must reimburse”, “entitles (party) to a reimbursement”, “entitled to one-half the sum of’, “entitled to a reimbursement”, “entitled to the sum of’, “will reimburse”, and “credited with”. In addition, the court prepared a financial summary which it attached to the judgment. The captions on the financial summary read, “Brenda Madere pays Michael Madere ... $38,814.31” and “Michael Madere pays Brenda Madere ... $74,-914.40.”
*1110 Under our statutory scheme in La.R.S. 9:2801, where there is an unequal distribution of assets, the trial court is to order the payment of an equalizing sum of money. This commonsensibly allows the trial court to award money within a partition judgment and, after reviewing the judgment in its totality, it is clear the trial court did just that. The mere failure to use the phrase, “defendant is hereby ordered to pay a total sum of ...” does not preclude the finding of a money judgment. We likewise find the above phrases used by the court succinctly and sufficiently constitute an award of money, although it may require the mathematical skills of the parties to add and subtract. Furthermore, it was apparently the understanding of defendant that he had a money judgment against him in that he agreed to pay and in fact tendered a $15,000 check to plaintiff in connection with the payment of the judgment.
UFinally, it is self evident that the statute clearly gives the trial court discretion to dictate the manner of payment including ordering a lump sum or installment. However, we find the failure to designate whether such reimbursement or equalization is to be paid in lump or by installment does not make the judgment any less a money judgment.

CONCLUSION

We find the trial court erroneously concluded the October 80, 1992 judgment was not a money judgment merely because it did not set forth a total sum to be paid or because it did not use the words, “defendant is ordered to pay.” Our English language is filled with synonymous words. We find the phrases used by the trial court, including “will pay” and “shall reimburse,” were sufficient to effect a money judgment. Reading the judgment in its totality shows the purpose of the judgment was to partition community assets. In addition, the judgment equalizes the unequal distribution of assets pursuant to La.R.S. 9:2801 by ordering reimbursements and payments of monetary amounts.
Since we find the October 30, 1992 judgment to be a money judgment, we cannot say plaintiff erred in attempting to execute the judgment by issuing a writ of fieri facias to garnish defendant’s wages. Therefore, because the trial court recalled the writ of fieri facias on the basis there was no money judgment to execute, we necessarily vacate the September 20, 1994 recalling the writ of fieri facias and awarding damages and attorney’s fees for wrongful seizure.
For the reasons assigned, judgment of the trial court dated the 20th day of September, 1994 in that respect which recalls the writ of fieri facias is hereby reversed. In all other respects that judgment is hereby set aside. All costs of this appeal are to be assessed against the appellee.
REVERSED AND SET ASIDE.

. It is indicated in appellant’s brief and in the trial court’s reasons for judgment, that plaintiff voluntarily halted the garnishment proceedings until the trial court ruled on defendant’s rule to recall the writ. However, there is nothing in the record to indicate this was done.