818 So.2d 70 (2001)
McDONALD ENTERPRISES, INC. d/b/a Fill Materials
v.
Verna Sherman, wife of/and Louis T. AGE, Jr.
No. 2000 CA 1938.
Court of Appeal of Louisiana, First Circuit.
November 9, 2001.
Catherine J. Smith, New Orleans, for Defendants/Appellants, Verna Sherman Age and Louis T. Age, Jr.
Fletcher W. Cochran, Slidell, for Plaintiff/Appellee, McDonald Enterprises, Inc. d/b/a Fill Materials.
Before: CARTER, C.J., PARRO, and CLAIBORNE,[1] JJ.
CARTER, C.J.
In this most unusual appeal, the appellee concedes the case should be reversed. The factual background is as follows. Verna and Louis T. Age Jr. contracted with Dalbert Poree Construction Company to build a house for them in Slidell. After Poree completed construction, the construction contract was officially cancelled on January 22, 1998. The property, however, still needed a driveway and landscaping. According to Mr. Age, Roy Smith (Smith) knocked on his door and told him he had heard the Ages needed fill dirt so they could pour concrete for the driveway. He offered to supply the dirt, the equipment, *71 and the manpower to spread it. Between March 8 and March 18, 1998, approximately 140 truckloads of sandy clay were delivered to and spread on the Ages' property. Mrs. Age wrote three checks totaling $12,600 to Smith and his son Rory Smith in payment for the dirt and labor. The driveway was poured shortly thereafter, and on May 8, 1998, the Ages moved into their new home.
All seemed well, but unfortunately the Ages were destined for a rude surprise. Unbeknownst to the Ages, Smith owned no dirt. He had procured the dirt delivered to the Ages by calling McDonald Enterprises, Inc. (McDonald) and ordering it, using the name of a reputable Jefferson Parish business, Capricorn Equipment, but giving a bogus address and telephone number in Mandeville. After Smith's chicanery came to light, McDonald attempted to locate him without success. The company's owners then elected to proceed against the Ages.
Fletcher W. Cochran, McDonald's attorney, sent the Ages a letter dated September 30, 1998, stating that the Ages owed his client $8,468.77 for 142 truckloads of sandy clay, one load of pea gravel, and eight hours of labor. The letter threatened that a materialman's lien would be filed under the Private Works Act if payment was not made within ten days. The Ages, who had never heard of McDonald, refused to pay. Cochran notified the Ages on December 23, 1998, that he had filed a lien against their property. This suit on open account and for recognition of its materialman's lien and privilege followed.
At the pretrial conference, McDonald conceded it had no valid claim on open account against the Ages. The pretrial order stated McDonald had realized "this was not an open account because there was not (sic) meeting of the minds establishing a credit account for defendants." Plaintiff's counsel stated on the record at the beginning of the trial that this was not an open account suit but "just a suit on money owed for material delivered" brought "in desperation" after Smith could not be found. The Ages' counsel advised the trial judge that the lien was filed untimely, to which the judge replied,
I came in here thinking we were going to try an open account. Suddenly we don't have it. We have a materialman's lien on a piece of immovable property that she says is not timely filed. If this man's property was improved by the material of this man, then this man is due to be paid.
The case then proceeded to trial.
The Ages argued at trial that McDonald failed to prove a privilege under Louisiana Revised Statute 9:4801 because it did not sell to the owner of the property. They further contended that McDonald sold to another supplier and not to a contractor or subcontractor and thus could not perfect a claim under Revised Statute 9:4802. Finally, they argued that even if the court considered Smith a contractor or subcontractor, McDonald failed to file a statement of its claims and privileges within 70 days of substantial completion of the work as required by Revised Statute 9:4822 D(2)(b).
The trial judge, however, found that Smith was a contractor "who apparently had agreed to bring dirt and with his family member to spread the dirt." Without addressing the timeliness issue, the judge found, "[T]he law is clear that when materials are supplied to a person's home for this kind of project and the person gets the benefit of that, then the supplier is due to be paid for that." The judge then stated judgment would be rendered in plaintiff's favor for $7,050 plus costs. The signed judgment, however, which was prepared *72 by Cochran, plaintiff's counsel, also awarded attorney fees against the Ages.
The Ages appealed, contending the lien was untimely and attorney fees were awarded improperly. In a curious turn of events, McDonald agreed. On the attorney fee issue, Cochran stated in brief on behalf of McDonald that he agrees the attorney fees should not have been included in the judgment. He appears to blame their presence in the judgment on a clerical error. He stated in his brief, "I didn't dictate the judgment to include attorney's fees. I obviously didn't check the judgment before it went to the Judge."
The conclusion of the brief contains this statement: "Plaintiff/Appellee agrees after a thorough review of the record, a lien was not proven to have been timely filed. Plaintiff/Appellee has agreed that the Judgment should be cancelled and the Ages are not liable to McDonald. Further, plaintiff has already cancelled the Judgment." In light of this statement, we ordered the parties to show cause why this appeal should not be dismissed. The Ages responded with a certificate from the clerk of the trial court attesting that the judgment had not been cancelled.
A thorough review of the record and the evidence convinces us that the parties are correct that this materialman's lien had not been filed within the time period provided in Revised Statute 9:4822 D(2)(b). At the very latest, the house and driveway were substantially complete on May 8, 1998, when the Ages moved in with all their belongings. The lien affidavit filed in December 1998 was far too late. The trial court committed legal error in rendering judgment in favor of McDonald, and that judgment must be reversed.
In their appellate brief, the Ages contend this suit was a form of litigious abuse and request sanctions against Cochran pursuant to Louisiana Code of Civil Procedure article 863. That article authorizes a court to impose sanctions upon an attorney who signs pleadings without making an objectively reasonable inquiry into the facts and law. Those penalties, however, "shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction." La. C.C.P. art. 863 E. While the Ages prayed for "all attorney's fees incurred by defendant" in their answer, at the trial court level they neither mentioned article 863 nor attempted to prove that Cochran interposed the pleadings for an improper purpose or that Cochran knew the pleadings were legally untenable or were not well grounded in fact when he filed them.
The Louisiana Supreme Court in Hampton v. Greenfield, 618 So.2d 859, 862 (La. 1993), stated that the ability to impose sanctions under article 863 is limited to the trial court by the plain language of the article. We cannot address on appeal a request for sanctions that was never properly raised in the trial court. Cormier v. Roberson, 96-1107, p. 7 (La.App. 1st Cir.3/27/97), 691 So.2d 807, 810.
The Ages ask that we remand this case to the trial court for a hearing on article 863 sanctions. Article 863 requires that a party move for sanctions. The Ages requested attorney fees in the prayer of their answer and mentioned article 863 for the first time in their appellate brief. Neither of these actions was a motion. Since they failed to properly move for those sanctions in the trial court, we find it inappropriate to remand this case for that purpose.
For the foregoing reasons, the judgment of the trial court is reversed, and judgment is rendered in favor of defendants, Verna and Louis T. Age Jr., dismissing plaintiff's suit against them, with prejudice. Plaintiff, *73 McDonald Enterprises, Inc., is cast with all costs of trial and appeal.
REVERSED AND RENDERED.
NOTES
[1] Hon. Ian W. Claiborne, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.