McDonald, j.
Lin this appeal, a former wife challenges a judgment finding her in contempt of court for failing to pay a money judgment owed to her former husband in their community property partition suit. We affirm.
FACTUAL AND PROCEDURAL BACKGROUND
Darren and Misty Trahan were divorced in 2010. After the divorce, Mr. Trahan filed a petition to partition the couple’s community property. Later, Mr. Trahan filed a second petition against Ms. Trahan, under the same suit number, for breach of fiduciary duties, violation of the “LLC Act,” and mismanagement of a community-owned business.[1] Mr. Trahan alleged that the parties were the sole members of Tra-han Enterprises, L.L.C., which operated Adventureland Kids, a day care business. He further alleged that Ms. Trahan had had exclusive control over the business since their separation and, since 2009, had mismanaged the business to his financial detriment, in violation of Louisiana law governing limited liability companies. Ms. Trahan answered, stating that she was the managing partner of the day care business, had always made all business decisions, denied any mismanagement, and that Mr. Trahan had never been actively involved in the business.
At a February 2013 hearing, the parties agreed that the trial court would address the partition of their community property in phases: first, a determination of the community assets, debts, and values; second, a determination of the parties’ reimbursement obligations; and, third, if the parties could not otherwise agree, a community property asset partition. This agreement resulted in the trial court’s issuance of three judgments: an October 2013 judgment in which the trial court assigned values to most of the Trahans’ community assets and liabilities and which reserved several unresolved matters for trial; a December 2014 judgment in Mr. Trahan’s favor and against Ms. Trahan and. Trahan Enterprises, in solido, for $48,914, plus $3,173 in attorney fees, and dismissing. Mr. Trahan’s breach of fiduciary duty claims with laprejudice[2]; and, a May 2015 judgment, granted pursuant to Mr. Trahan’s motion for new trial,[3] which clarified Ms. Trahan’s “total equalizing payment obligation” and set forth several awards of money, including an equalization payment[4] of almost $249,000 owed by Ms. Trahan to Mr. Trahan. Further, the May 2015 judgment awarded $71,813 to Mr. Trahan and against Ms. Trahan and Trahan Enterprises. Lastly, the May 2015 judgment stated that “all provisions of the [October 2013 Judgment] and ... the [December 2014 judgment] which are not specifically addressed in this Judgment remain in full force and effect.” Neither *450 party sought review : of the. May 2015 judgment, which now is final.
In September 2015, Mr. Trahan filed a rule for contempt against Ms. Trahan and Trahan Enterprises, alleging that they failed to pay amounts owed under the three judgments. After a hearing on the rule, the trial court signed a judgment on November 24, 2015, ordering that Ms. Tra-han was in contempt for failing to satisfy the judgments totaling $321,634.85, and also ordering that she pay Mr. Trahan $1,000 in attorney fees and $150 in court costs.[5] The judgment did not mention Tra-han Enterprises.
Ms. Trahan appeals from the contempt judgment. In a single assignment of error, she contends the trial court could not hold her in contempt and order her to pay attorney fees and costs for failing-to pay a money judgment. She first argues that she “paid” the judgment by accepting credits in lieu of Mr. Trahan’s child support obligations. Alternatively, she argues that, even if she did not pay the May 2015 judgment, her failure to pay is due to her inability to pay the amount owed, citing LSA-R.S. 13:4206. Rather, she claims Mr. Trahan’s proper remedy was to execute the money judgment against her via a writ of fieri facias under LSA-C.C.P. art. 2291, ¡¡¡directing the seizure of her property as the judgment debtor. She also claims that Mr. Trahan knew a rule for contempt was not the proper vehicle to enforce a money judgment. She argues that he should be sanctioned under LSA-.C.C.P. art. 863 and ordered to pay costs of the appeal as well as attorney fees for the contempt hearing and for preparation of the appeal.
In response, Mr. Trahan contends that LSA-R.S. 13:4206 does not apply, because the trial court’s May 2015 judgment is not a judgment for the payment of money; thus, he argues Ms. Trahan’s failure to pay him can be construed as contempt, and the trial court properly rendered a contempt judgment against her.
DISCUSSION
The power to punish for contempt of court shall be limited by law. LSA-Const. art. 5, § 2. Louisiana Revised Statute 13:4206 limits a court’s power to find a judgment debtor in contempt for failing to pay a money judgment when the debtor’s failure to pay is due to his inability to pay at the time the judgment was rendered. Specifically, LSA-R.S. 13:4206 provides:
Failure to obey an order or judgment of court, when such order or judgment is in effect an order or judgment for the payment of money, shall not be construed as a contempt, if it appears that the failure to obey is due to inability to comply with the order or judgment which inability existed when the order or judgment was rendered.
Thus, we must first determine if the trial court’s May 2015 judgment, incorporating its two prior judgments, constitute a judgment “for the payment of money.” If so, we next must determine if Ms. Tra-han’s failure to pay the money judgment was due to her inability to pay at the time the May 2015 judgment was rendered.
Louisiana Revised Statute 9:2801 provides the procedure by which community property is partitioned when the spouses are unable to agree on a partition. Bible v. *451 Bible, 03-2793 (La.App. 1 Cir. 9/17/04), 895 So.2d 547, 549, writ denied, 05-1081 (La. 6/17/05), 904 So.2d 700. In a partition proceeding, the trial court values the community assets, determines the community liabilities, and adjudicates the spouses’ claims. LSA-R.S. Jj9:2801(A)(4)(a). The court also divides and allocates the community assets and liabilities so that each spouse receives property of an equal net value. LSA-R.S. 9:2801(A)(4)(b) and (c). If the allocation of assets and liabilities results in an unequal net distribution, the court shall order the payment of an equalizing sum of money. LSA-R.S. 9:2801(A)(4)(d).
Here, the trial court rendered the May 2015 judgment according to the procedure set forth in LSA-R.S. 9:2801(A)(4). After valuing and allocating the Trahans’ assets and liabilities, the trial court found that such allocation resulted in an unequal net distribution of their property. Thus, the trial court’s logical next step was to render a judgment ordering the payment of an equalizing sum of money, pursuant to LSA-R.S. 9:2801(A)(4)(d). On appeal, Mr. Trahan argues that the May 2015 judgment does not accomplish that purpose. Relying on Madere v. Madere, 95-1635 (La. 10/16/95), 660 So.2d 1205 (per curiam), he argues that the May 2015 judgment “lays out various amounts” in his favor but does not order Ms. Trahan to pay an equalizing sum of money.[6] We disagree.
In Madere, 660 So.2d at 1205, the Louisiana Supreme Court determined that the judgment at issue allocated the former spouses’ community assets and liabilities, and resulted in an unequal net distribution, but did not order the payment of an equalizing sum of money as required by LSA-R.S. 9:2801. Unlike the Madere judgment, the May 2015 judgment in this case does take the next logical step of ordering Ms. Trahan to pay a sum of money to Mr. Trahan — that is, it states that its purpose is to clarify the total equalization payment obligation and that it results in specific monetary awards. The relevant text of the judgment provides:
IT IS ORDERED, ADJUDGED AND DECREED that, for purposes of clarification, the Judgment signed on December 30 2014, plus the supplemental relief provided in this [May 2015] Supplemental Judgment, result in the following awards:
The amount of $71,813,00 in favor of Darren Todd Trahan and against Tra-han Enterprises, LLC and Misty Liv-ermore Trahan, jointly and in solido, plus interest on that amount, with interest commencing on July 5, 2012; plus,
The amount of $248,920.62 as the net equalizing -payment obligation owed by Misty Trahan to Darren Tra-han, plus judicial |Kinterest thereon, calculated from December 30, 2014; plus,
The amount of $3,173.00, which is the amount of attorney fees which Misty Trahan owes to Darren Trahan, plus interest thereon, calculated from December 30, 2014.
IT IS ORDERED, ADJUDGED AND DECREED that all provisions of the October 10, 2013 Judgment and provisions of the December 30, 2014 Judg *452 ment which are not specifically addressed in this Judgment remain in full force and effect. (Italics added.)
In construing ,a judgment, we consider the entire context of the suit, the pleadings, subject matter of the suit, reasons for judgment, if any, and other matters of record to arrive at an interpretation consistent with a proper decree on the facts and law presented. Veal v. American Maintenance & Repair, Inc., 00-2245 (La. App. 1 Cir. 12/28/01), 804 So.2d .889, 891. When the trial court rendered the May 2015 judgment, the Trahans’ community property partition litigation hád been pending for several years, their assets and liabilities had been valued and allocated, an unequal net property distribution existed, and all that remained was a judgment ordering Ms. Trahan’s equalization payment to Mr. Trahan. Given this procedural posture, and reasonably interpreting the judgment’s wording in that context, we conclude the May 2015 judgment orders Ms. Trahan to pay Mr. Trahan an “equalizing sum of money” under LSA-R.S. 9:2801(A)(4)(d) and is a “judgment for the payment of money” within the meaning of LSA-R.S. 13:4206.
We now address whether LSA-R.S. 13:4206 precludes a contempt judgment against Ms. Trahan for failure to pay the May 2015 judgment. Ms. Trahan first argues that she did make payments toward the May 2015 judgment in the form of a credit she received for child support payments that Mr. Trahan owed. She contends that her acceptance of the credit constituted payment toward her debt to Mr. Trahan and exempts her from contempt for failure to pay. We find no merit to this argument. Ms. Trahan provides no authority for this claim, and we have likewise found no applicable authority for allowing her to claim that a credit against her debt somehow constitutes a payment by her of the debt.
Ms. Trahan next argues that she is unable to pay the May 2015 judgment, and that, under LSA-R.S. 13:4206, she cannot be held in contempt of court, because her | (¡failure to pay the judgment is because of her inability to do so. Ms. Trahan prevails with this argument only “if it appears that the failure to obey [the judgment] is due to inability to comply with the ... judgment!,] which inability existed when the ... judgment was rendered.” LSA-R.S. 13:4206.
At the November 2015 contempt hearing, Mr. and Ms. Trahan both testified. They agreed that they had attempted to mediate a payment plan for -the satisfaction of Ms. Trahan’s debt, but such efforts were unsuccessful. Although Ms. Trahan had offered the proceeds of her 401(K) plan as partial payment, the parties were not able to agree to the terms of that arrangement. They also both acknowledged that Ms. Trahan was receiving a continuing credit toward the debt for Mr. Trahan’s child support obligations.
Additionally, Ms. Trahan testified that, under the couples’ partition agreement, she was now the sole owner of Trahan Enterprises, the day care business, which she continues to operate. She admitted that, in 2012, the trial court valued the business at a certain amount, which resulted in an equity payment owed by her to Mr. Trahan. She explained, however, that since then, she. has had to close one of the day care locations due to decreased enrollment and has had to decrease her staff. She stated that the business was operating at a loss due to increased competition and because more day care eligible children were being enrolled in public schools under a federal universal preschool program.
Ms. Trahan further testified that her day care business does have assets, includ *453 ing a bus, a van, and furnishings, but she operates the business in leased buildings. She admitted that she receives income from the business with which she pays her bills and supports three of the couples’ children. She also admitted that she owns a mortgaged residence, she drives a mortgaged 2013 Chevrolet Camaro, her son drives a mortgaged 2014 Ford Mustang, and that she had taken vacations since the three subject judgments were rendered. Ms. Trahan acknowledged that she had not paid Mr. Trahan any money owed, and when asked why, stated, “Probably inability to do so.” She admitted that she had not attempted to sell the day care business, her residence, or her car to pay him, nor had she tried to borrow money to pay him. She |7stated that she had called a business loan specialist who told her she was not eligible for a business loan because she had no assets. She testified that she was willing to agree to a reasonable payment plan and would still turn over her 401 (K) plan to Mr. Trahan, the value of which she estimated to be about $72,000-73,000.
At the end of the hearing, the trial court ruled that Ms. Trahan was in contempt of court and ultimately signed the November 2015 judgment against her. Despite Ms. Trahan’s testimony regarding the downturn in her business and her explanation for why she has not paid, the trial court apparently concluded that, at the time the May 2015 judgment was rendered, Ms. Trahan did have the ability to pay Mr. Trahan amounts owed. A trial court’s decision regarding a debtor’s ability to pay a sum of money is a factual determination. See, e.g., Benjamin v. Nat’l Super Markets, Inc., 351 So.2d 138, 142 (La.1977), writ denied, 366 So.2d 561 (La. 1979) and Donley v. Hudson’s Salvage LLC, 13-1499 (La.App. 1 Cir. 3/21/14), 2014 WL 1165871 (noting that a court’s determination of a litigant’s ability to pay court costs is a factual determination); see also Bearden v. Rucker, 418 So.2d 713, 715 (La.App. 1 Cir.1982), rev’d in part on other grds., 437 So.2d 1116 (La.1983) (finding the question of an insured’s ability to pay the amount of a judgment in excess of insurance coverage is a factual question subject to the manifest error standard of review). And, on appeal, we review such factual determinations under a manifest error standard of review. Bearden, 418 So.2d at 715.
After reviewing the record, especially the contempt transcript hearing, we conclude the trial court did not manifestly err in implicitly finding that Ms. Trahan had the ability to pay the May 2015 judgment at the time it was rendered. The record shows that, at that time, Ms. Tra-han had ample assets, including her business, a residence, vehicles, and a 401(K) account, from which funds could have been generated to pay Mr. Trahan. The parties’ failed mediation efforts to work out a payment plan may demonstrate Ms. Trahan’s unwillingness to pay the May 2015 judgment under certain conditions, but such does not prove her inability to pay. Further, the fact that her day care business decreased in value since 2012 does not prove that, in May 2015, she was unable to pay some amount toward the satisfaction of lathe May 2015 judgment. The trial court valued the day care business at $425,400 in the October 2013 judgment. It appears Ms. Trahan’s real complaint is with this value. If Ms. Trahan disagreed with the value, and its impact on her equalization payment to Mr. Trahan, she should have challenged that value either before the trial in December 2014, before the trial court rendered the December 2014 judgment, or, at least, before the trial court rendered the May 2015 judgment. See Ellington v. Ellington, 36,943 (La.App. 2 Cir. 3/18/03), 842 So.2d 1160, 1165, writ *454 denied, 03-1092 (La. 6/27/08), 847 So.2d 1269. (“[T]he trial court is not required to value assets as of the date of trial when the parties do not submit current appraisals or valuations.”) We also note that Ms. Trahan did not challenge the May 2015 judgment 'by seeking this court’s review. Thus, although the day care business may have been worth less in 2015 than when valued, such does not prove that Ms. Tra-han’s failure to pay the May 2015 was “due to an inability to comply with the ... judgment^] which inability existed when the ... judgment was rendered.” Because there is ample evidence demonstrating that Ms. Trahan was able to pay the May 2015 judgment when it was rendered, LSA-R.S. 13:4206 did not preclude the trial court’s November 2.015 contempt judgment against her.
Lastly, we mention Ms. Trahan’s request that Mr. Trahan be sanctioned under LSA-C.C.P. art. 863. The ability to impose LSA-C.C.P. art. 863 sanctions is limited to the trial court. We cannot address on appeal a request for sanctions that was never properly-raised in the trial court. Hampton v. Greenfield, 618 So.2d 859, 862 (La.1993); McDonald Enterprises, Inc. v. Age, 00-1938 (La.App. 1 Cir. 11/9/01), 818 So.2d 70, 72.
CONCLUSION
The November 24, 2015 judgment, ordering Misty Livermore Trahan in ■ contempt of court, and ordering that she pay $1,000 attorney fees and $150 court costs, is affirmed. Costs of this appeal are assessed to Misty Livermore Trahan.
AFFIRMED.

. Apparently, the trial court interpreted the second-filed petition to be an amendment of the first-filed petition.

. The trial court rendered the December 2014 judgment after "an incomplete trial and a stipulation by counsel ... that [the] matter would be submitted on documentary evidence and on memoranda,” and that the trial court’s decision based on those submissions would bind the parties.

. The trial court rendered the May 2015 judgment after granting Mr. Trahan's “Motion to Amend Judgment,” which the trial court interpreted as a motion for new trial.

. See LSA-R.S. 9:2801 (A)(4)(d), discussed later in this opinion.

. .If read literally, the November 24, 2015 judgment arguably could be read to hold Ms. Trahan in contempt of court in the amount of $321,634,85. In reasonably construing the judgment in the context of the Trahans’ community property partition suit, however, we interpret the November 24, 2015 judgment as finding Ms. Trahan in contempt for failing to satisfy the judgments totaling $321,634,85, not in contempt in the amount of $321,634.85.

. Curiously, we note the inconsistency of Mr. Trahan's position before the trial court and on appeal. Below, he filed a rule for contempt against Ms. Trahan for her failure to pay amounts owed under three judgments. At that time, he must have believed the judgments ordered Ms. Trahan to pay him, because her failure to pay was the basis for his seeking a contempt ruling against her. Now, on appeal, he argues the May 2015 judgment “lays out various amounts” but does not order Ms. Tra-han to pay him.