| JOHN JOSEPH VACCARELLA | * | NO. 2021-CA-0115 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| LISA DANSFLOR | * | |
| VACCARELLA | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPEAL FROM
ST. BERNARD 34TH JUDICIAL DISTRICT COURT
NO. 101-277, DIVISION "A"
Honorable Robert J. Klees, Judge Pro Tempore
\* \* \* \* \* \*
**Judge Terri F. Love**
\* \* \* \* \* \*

(Court composed of Judge Terri F. Love, Judge Daniel L. Dysart, Judge Sandra Cabrina Jenkins)

*JENKINS, J., DISSENTS WITH ASSIGNED REASONS*

Walter R. Woodruff
Chehardy, Sherman, Williams, Murray, Recile, Stakelum & Hayes, L.L.P.
One Galleria Blvd.
Suite 1100
Metairie, LA 70001

      COUNSEL FOR PLAINTIFF/APPELLANT

Lorna Perez Turnage
LAW OFFICE OF LORNA TURNAGE
532 E. Judge Perez Drive
Suite 103
Chalmette, LA 70043

      COUNSEL FOR DEFENDANT/APPELLEE

**AFFIRMED**
**NOVEMBER 17, 2021**

*TFL*

*DLD*

This case concerns a consent judgment of partition entered into as part of a divorce proceeding between John Joseph Vaccarella and Lisa Dansflor Vaccarella. That judgment was finalized by the trial court on September 16, 2008. On July 3, 2019, Mr. Vaccarella filed a motion to enforce the terms of the judgment, seeking payment for his share of community interest in the former marital home. Ms. Vaccarella urged a peremptory exception of prescription, arguing that the judgment had prescribed on its face because it was a money judgment. Following a hearing, the trial court issued a judgment granting the exception of prescription filed on behalf of Ms. Vaccarella. Mr. Vaccarella lodged the present appeal of the trial court's judgment, arguing that the consent judgment was not a money judgment but instead a personal action subject to liberative prescription. Upon review, we find that the consent judgment is not a money judgment. The consent judgment is a personal action, but nevertheless it has prescribed on its face by the prescription of ten years. We also find that the appellant did not properly discharge his burden

1

on the issue of prescription.  Accordingly, we affirm the judgment of the trial court.

**FACTUAL AND PROCEDURAL HISTORY**

On November 12, 2004, Mr. Vaccarella and Ms. Vaccarella were divorced. After a lengthy negotiation and delays due to damage to community property sustained during Hurricane Katrina, the parties entered a consent judgment of partition on September 16, 2008.  The judgment began by listing the awards to Ms. Vaccarella.  The marital home was disposed of first.  That section of the judgment read: "IT IS ORDERED, ADJUDGED AND DECREED that LISA DANFLOUS VACCARELLA be and is hereby awarded in full ownership and JOHN JOSEPH VACARELLA, JR. relinquishes all right, title and interest in and to the following assets: (1) 100% ownership interest in 3717 Gallo Drive, Chalmette, Louisiana 70043."  In that section, Ms. Vaccarella was also awarded a portion of Mr. Vaccarella's pension/retirement plan with the Louisiana Carpenters Regional Council, to be preserved by a Qualified Domestic Relations Order.

The judgment also addressed awards to Mr. Vaccarella, ordering that "Lisa Danflous Vaccarella should pay from her separate funds, 16,000.00 unto John Vaccarella, Jr. for his ½ share of the property located at 3717 Gallo Drive, Chalmette, Louisiana 70043."  Additionally, the consent judgment made provisions to handle different possible outcomes of unresolved issues, and noted that interim alimony to Ms. Vaccarella was "left open."  Lastly, the judgment noted that the parties discharged each other from any further accountings.  The

judgment was immediately recorded in the conveyance and mortgage records of St. Bernard Parish.

Over a decade later, Mr. Vaccarella and Ms. Vaccarella were discussing the topic of his retirement during a family activity. Mr. Vaccarella states during that conversation, he was surprised to learn that his former spouse was entitled to a portion of his pension. Mr. Vaccarella avers that he assumed that he was awarded his full pension in exchange for Ms. Vaccarella being awarded the marital home. He claims that he then checked the paperwork from the consent judgment and realized he was owed payment for his share of the marital home. Mr. Vaccarella subsequently filed a motion to enforce the consent judgment on July 3, 2019. In response, Ms. Vaccarella urged an exception of prescription, arguing that Mr. Vaccarella was attempting to enforce a money judgment that had prescribed on its face. Following a hearing, the trial court granted the exception of prescription and dismissed Mr. Vaccarella's motion to enforce settlement, with the finding that his action was prescribed by the prescription of ten years. Mr. Vaccarella filed this timely appeal of the trial court's judgment.

**DISCUSSION**

*Standard of Review*

In evaluating a trial court judgment granting a peremptory exception of prescription, the appropriate standard of review hinges on whether evidence is introduced. *Russ v. City of New Orleans*, 19-0579, p. 2 (La. App. 4 Cir. 8/28/19), 279 So. 3d 1006, 1008 (citing *Wells Fargo Financial Louisiana, Inc. v. Galloway*,

3

17-0413, pp. 7-8 (La. App. 4 Cir. 11/15/17), 231 So. 3d 793, 800). "If evidence is introduced, the trial court's factual findings are reviewed for manifest error." *Russ*, 19-0579, p. 2, 279 So. 3d at 1008 (citing *Galloway*, 17-0413, p. 8, 231 So. 3d at 800). "When no evidence is introduced, the decision is purely legal and requires a de novo review." *Russ*, 19-0579, p. 2, 279 So. 3d at 1008 (citing *Galloway*, 17-0413, p. 8, 231 So. 3d at 800). However, if "evidence is introduced but the case involves no dispute regarding material facts, only the determination of a legal issue, an appellate court must review the issue *de novo*, giving no deference to the trial court's legal determination." *Galloway*, 17-0413, p. 8, 231 So. 3d at 800. "The burden of proof on the prescription issue lies with the party asserting it unless the plaintiff's claim is barred on its face, in which case the burden shifts to the plaintiff." *Mallett v. McNeal*, 05-2289, 05-2322, p. 5 (La. 10/17/06), 939 So. 2d 1254, 1258.

In the instant matter, evidence has been introduced but there is no dispute of material facts, therefore, the judgment is reviewed *de novo*.

*Assignment of Error*

Appellant's sole assignment of error is that the trial court erred when it granted Appellee's peremptory exception of prescription because it diverged from binding Louisiana Supreme Court precedent in *Madere v. Madere*, 95-1635, (La. 10/16/95), 660 So. 2d 1205.

In *Madere*, the dispute centered on whether a consent judgment of partition was a money judgment and thus capable of being executed by writ of *fieri facias*.

4

"A money judgment is one which orders the payment of a sum of money and which may be executed under a writ of *fieri facias*." *Succession of Moody*, 306 So. 2d 869 (La. App. 1 Cir.1974). "The applicable prescriptive period is determined by the character of the action pled in the petition." *Galloway*, 17-0413, pp. 9-10, 231 So. 3d at 801 (citing *Starns v. Emmons*, 538 So. 2d 275, 277 (La. 1989)). Pursuant to La. C.C. art 3501, a "money judgment rendered by a trial court of this state is prescribed by the lapse of ten years from its signing." The running of prescription on a money judgment may only be forestalled through the filing a motion to revive the judgment. *General Financial Services, Inc. v. Dean*, 99-1798, p.6 (La. App. 4 Cir. 12/15/99), 761 So. 2d 569, 572; La. C.C.P. art. 2031(A). La. R.S. 9:2801(A)(4)(d) governs the partition of community property and the creation of a money judgment for that purpose, stating that "[i]n the event that the allocation of assets and liabilities results in an unequal net distribution, the court shall order the payment of an equalizing sum of money, either cash or deferred, secured or unsecured, upon such terms and conditions as the court shall direct."

The appellate court described the consent judgment in *Madere* as one which equalized the divorcing spouses' assets and assigned monetary value owed to each party. The consent judgment included phrases such as "will pay," "shall be reimbursed," "must reimburse," "entitled to one-half the sum of," "entitled to a reimbursement," "entitled to the sum of," and "will reimburse." *Madere v. Madere*, 95-88, p. 3 (La. App. 5 Cir. 5/30/95), 656 So. 2d 1108, 1109. The appellate court found that "[t]he mere failure to use the phrase, 'defendant is

hereby ordered to pay a total sum of…' does not preclude the finding of a money judgment." *Madere*, 95-88, p. 3, 656 So. 2d at 1110. The court stated that the judgment's silence on terms and conditions of payment also did not serve to preclude the finding of a money judgment. *Madere*, 95-88, p. 3, 656 So. 2d at 1109. In overruling the appellate court's finding, the Louisiana Supreme Court held that the consent judgment was not a money judgment because the "judgment did not order the payment of an 'equalizing sum of money, either cash or deferred, secured or unsecured' under terms directed by the trial court as required by La. R.S. 9:2801." *Madere*, 95-1635, p. 1, 660 So. 2d 1205 at 1205.

The language at issue in the September 16, 2008 consent judgment is similar to the language contained in *Madere*. Here, as in *Madere*, the judgment contains phrases directing payment from one spouse to another for community property. Specifically, the judgment states that Lisa Vaccarella "be and is hereby awarded in full ownership and John Joseph Vaccarella, Jr. relinquishes all right, title and interest in and to"…"100% ownership interest in 3717 Gallo Drive, Chalmette, Louisiana 70043." The judgment further states Lisa Vaccarella "should pay from her separate funds, 16,000.00 unto John Vaccarella, Jr. for his ½ share of the property located at 3717 Gallo Drive, Chalmette, Louisiana 70043." The judgment is silent as to terms and conditions of payment and does not refer to an "equalizing sum of money." Despite these similarities, the appellee counters that reliance on *Madere* is misplaced and that this is a money judgment. The appellee argues that *Madere* is distinguishable because the judgment in the instant case states that

6

appellee was to pay $16,000.00 from her separate funds as compensation for appellant's ½ share of the marital home. However, the judgment in *Madere* also contained language referring to payment in exchange for "one-half the sum of" community property and the Supreme Court adjudged that insufficient to qualify the judgment as a money judgment.

The appellee also contends that *Trahan vs. Trahan*, 16-0108 (La. App. 1 Cir. 9/16/16), 203 So. 3d 447, is controlling here. *Trahan*, a First Circuit case, considered whether a May 2015 judgment between divorcing spouses in a partition proceeding was a money judgment. The judgment being evaluated in *Trahan* stated:

> IT IS ORDERED, ADJUDGED AND DECREED that, for purposes of clarification, the Judgment signed on December 30, 2014, plus the supplemental relief provided in this (May of 2015) Judgment, result in the following awards:
>
> The amount of $71,813.00 in favor of Darren Todd Trahan and against Trahan Enterprises, LLC and Misty Livermore Trahan, jointly and in solido, plus interest on that amount, with interest commencing on July 5, 2012; plus,
>
> The amount of $248,920.62 as the net equalizing payment obligation owed by Misty Trahan to Darren Trahan, plus judicial interest thereon, calculated from December 30, 2014; plus,
>
> The amount of $3,173.00, which is the amount of attorney fees which Misty Trahan owes to Darren Trahan, plus interest thereon, calculated from December 30, 2014.
>
> *Id.*, 16-0108, pp. 4-5, 203 So. 3d at 451.

Mr. Trahan relied on *Madere* to argue that the judgment in contention was not a money judgment because it laid out various amounts of money in his favor but did not order Ms. Trahan to pay an equalizing sum of money. The *Trahan*

court distinguished *Madere*, stating that the consent judgment in *Madere* did allocate former spouses' community assets and liabilities, resulting in an unequal net distribution, "but did not order the payment of an equalizing sum of money as required by LSA–R.S. 9:2801." *Id.*, 16-0108, p. 4, 203 So. 3d at 451. The court continued to say that:

> [u]nlike the Madere judgment, the May 2015 judgment in this case does take the next logical step of ordering Ms. Trahan to pay a sum of money to Mr. Trahan—that is, it states that its purpose is to clarify the total equalization payment obligation and that it results in specific monetary awards.
>
> *Id.*

Contrary to the judgments in *Madere* and the present case, the judgment under evaluation in *Trahan* specifically awarded sums of money as a "net equalizing obligation" and delineated the date interest begins to accrue, pursuant to La. R.S. 9:2801(A)(4)(d).

Additionally, *Trahan* focused on the "entire context of the suit." *Id.*, 16-0108, p. 5, 203 So. 3d at 452. The trial court had rendered two earlier judgments, which, among other things, assigned values to community assets and liabilities, awarded cash and attorney's fees to Mr. Trahan, and dismissed a breach of fiduciary duty claim. The First Circuit found that by the time the May 2015 judgment was issued, "the Trahans' community property partition litigation had been pending for several years, their assets and liabilities had been valued and allocated, an unequal net property distribution existed, and *all that remained was a judgment ordering Ms. Trahan's equalization payment to Mr. Trahan.*" *Id.* (Emphasis added). This stands in contrast to the situation here, where the trial

8

court's judgment valued assets and liabilities and took note of other unresolved matters, including interim alimony and allegations of fraud over community funds withdrawn from a bank account. We determine the *Trahan* approach to be persuasive and, examining both the context and content of the September 16, 2008 consent judgment, we find that it is not a money judgment and is instead a personal action.

"Unless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years." La. C.C. art. 3499. "Liberative prescription is a mode of barring of actions as a result of inaction for a period of time." La. C.C. art. 3447. Over ten years have elapsed since the parties' 2008 judgment. Generally, the ten year prescriptive period for liberative prescription in personal actions begins to run either at the time of the breach or at the time the cause of action arises. *Ohle v. Uhalt*, 16-0569, p. 11 (La. App. 4 Cir. 2/1/17), 213 So. 3d 1, 15 (citing *Donald G. Lambert Contractor, Inc. v. Parish of Jefferson*, 97-140, p. 7 (La. App. 5 Cir. 9/17/97), 700 So. 2d 894, 897. In considering when prescription might be suspended in a cause of action, this Court has stated that a "corollary of the doctrine of *contra non valentem* is that prescription begins to run when the plaintiff has a reasonable basis to pursue a claim against a specific defendant." *Bowers v. Orleans Parish School Bd.*, 95-2530, p. 9 (La. App. 4 Cir. 5/29/96), 694 So. 2d 967, 973. "This principle will not exempt the plaintiff's claim from the running of prescription if his ignorance is attributable to his own wilfulness or neglect; that is, a plaintiff will be deemed to know what he could by reasonable

diligence have learned." *Corsey v. State*, *Through Dept. of Corrections*, 375 So. 2d 1319, 1322 (La. 1979) (citing *Cartwright v. Chrysler Corporation*, 255 La. 597, 603-04, 232 So. 2d 285, 287 (La. 1970).

Despite holding the 2008 judgment to be a personal action, it is still prescribed on its face and the appellant bears the burden of proof on the prescription issue. *Mallett*, 05-2289, 05-2322, p. 5, 939 So. 2d at 1258. The appellant made no attempt to discharge this burden. He offered no arguments to the trial court or to this Court to show that the action had not prescribed. Instead, the appellant focused on arguing that the consent judgment is not a money judgment and that the trial court erred in characterizing it as such. The appellant requests that we remedy this error by reversing the trial court's judgment and remanding the matter for the trial court to determine the commencement date of the prescriptive period of the personal action.

However, the trial court did not make a determination of whether the consent judgment was a money judgment or a personal action. In granting the appellee's verbal exception of prescription, the trial court did not issue reasons for its judgment, but merely stated that the appellant's action is prescribed by the prescription of ten years. At the close of the hearing on the exception of prescription, the trial court judge stated that the judgment date is the presumptive date for the commencement of the prescriptive period. We agree. Furthermore, we find that even if the appellant was not immediately aware of the debt owed to him, his alleged discovery of non-payment over ten years after signing the consent

judgment, and nearly fifteen years after the divorce itself, is not the product of reasonable diligence.

**CONCLUSION**

Upon concluding our analysis, we find that the trial court did not err in granting the appellee's exception of prescription. The consent judgment of partition has prescribed on its face by the prescription of ten years, whether it is a money judgment or a personal action. The burden shifted to the appellant to demonstrate that the action had not prescribed, and the appellant failed to meet that burden. Therefore, we affirm the judgment of the trial court.

**AFFIRMED**

11